UNITED STATES, PLAINTIFF *v.*
NEMAN BROTHERS & ASSOCIATES, AND YOEL NEMAN, DEFENDANTS

Court No. 89-07-00444

(Dated August 6, 1993)

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *Anthony H. Anikeeff,* Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; of counsel: *Joanne Halley,* Assistant Regional Counsel, United States Customs Service, Long Beach, California for plaintiff.
*Leonard M. Fertman, P.C. (Leonard M. Fertman)* for defendants.

MEMORANDUM OPINION AND ORDER

MUSGRAVE, *Judge:* On June 30, 1993, the United States, pursuant to USCIT Rule 37, filed a motion requesting that the Court impose the sanctions of striking the answers of and entering default judgment against defendants Neman Brothers & Associates ("Neman Brothers") and Yoel Neman, for their respective failures and refusals to respond to discovery properly propounded to them by the United States. The United States further requested that the Court impose the sanction of a default judgment against Neman Brothers for its continued refusal to

retain new counsel following the withdrawal of its original counsel, in violation of Rule 75(b) of the Rules of the United States Court of International Trade. The United States further requested that the Court award it the expenses that it has incurred in seeking defendant's compliance with its discovery requests. *See Motion for Sanctions*, June 30, 1993. Defendants, Neman Brothers filed a request for an extension of time to reply to the United States' Motion for Sanctions on July 29, 1993.

Normally, a motion for sanctions is not deemed dispositive and therefore the response time is ten working days and five mailing days. *See US-CIT Rule 7(d)*. Under this analysis, defendants' motion is late indeed. Defendants may have viewed the Motion for Sanctions as dispositive because the motion requests that the Court enter default judgment. In that case, defendants would have had thirty days to respond.

Under Rule 55, governing default, the Court is entitled to view a motion for default judgment as non-dispositive because no *entry* of default has been executed prior to the plaintiff's present motion for default judgment. Entry of default must precede a motion for default judgment. *See USCIT Rule 55*. However, Rule 37(b)(3) appears to grant the Court the discretion to issue default judgment directly upon failure of a party to comply with an order. Defendants have failed to comply with at least one of the Court's previous orders.[1]

Even if the Court were to accept the interpretation hypothesized for the defendants, their motion for an extension of time may still be deemed untimely because it was not "filed prior to the expiration of the period allowed for the performance of the act to which the motion relates." *See USCIT Rule 6(b)(2)*. The filing of a motion for extension of time on the last day of the period for performance has been thoroughly discouraged by this Court:

> [T]he dictate [of Rule 6] is that motions for extensions of time, which require prompt attention, be made far enough in advance of deadlines so as to afford the court at least some time within the litigants' periods to perform to decide them. Otherwise, parties like the defendants herein could automatically extend the time mandates of Congress and this Court of International Trade,

*Internor Trade Inc. v. United States*, 10 CIT 472, 473 (1986) ("Internor Trade"). Although *Internor Trade* was governed by 28 U.S.C. § 2635(b)(1) and USCIT 71(a), the principle of discouraging the parties from manipulating the Court time schedules and the Court's good will is equally compelling here.

Rule 6 does provide an exception for tardiness when good cause is shown that the delay in filing was the "result of excusable neglect or circumstances beyond the control of the party." *USCIT Rule 6(b)(2)* (emphasis supplied). Defendants' attorney has filed an affidavit to this

---

[1] By order dated March 23, 1991, the Court ordered Neman Brothers and Yoel Neman to respond to the United States' outstanding discovery within sixty days of said order.

effect that in normal circumstances would be acceptable. Although the circumstances of this delay may well have been beyond the control of defendants' attorney, they most certainly were not beyond the control of the *party* itself. Defendants have used appointment and termination and reappointment of counsel throughout this litigation to manipulate these proceedings.

In spite of the very worrisome allegations in plaintiff's Motion for Sanctions, and defendants' apparent pattern of delay, the Court is prepared to grant defendants' request to extend the time to respond to plaintiff's motion to and including August 28, 1993; no further extensions will be granted under any circumstances. Plaintiff no doubt seeks substantial fines and penalties and the Court does not lightly deny defendant its day in court. Nonetheless, the Court takes the allegations in plaintiff's motion and supporting documents very seriously and reserves the decision to impose full sanctions if those allegations can be substantiated beyond rebuttal. Defendants are warned that any further requests for extensions may be viewed as further evidence that defendants intend not to cooperate in the hopes that this case will just go away. *See Letter of Leonard M. Fertman, March 18, 1991* (addressed to his clients, the Neman Brothers and Yoel Neman). It is hereby

ORDERED that defendants' motion for an extension of time to respond to plaintiff's motion for sanctions is hereby granted; and it is further

ORDERED that defendants' response must arrive at the office of the Clerk of the Court by August 28, 1993.